Maximilian Travis, Esq.
Muchmore & Associates PLLC
217 Havemeyer Street, 4th Floor
Brooklyn, NY 11211
(917) 932-0299
Email: mtravis@muchmorelaw.com

*Counsel to Kevin Kelly and Edel Kelly*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| Debtors. | (Joint Administration) |

-------------------------------------------------------------------------x
CONSTELLATION HEALTHCARE TECHNOLOGIES, INC.
AND NEW YORK NETWORK MANAGEMENT, L.L.C.,

        Plaintiffs,                    Adv. Pro. No. 18-08155

   v.

KEVIN KELLY AND EDEL KELLY

        Defendants.
-------------------------------------------------------------------------x

**ANSWER TO ADVERSARY COMPLAINT**

Defendants Kevin Kelly and Edel Kelly ("Defendants"), by and through their undersigned counsel, Muchmore & Associates PLLC, as and for their Answer to Adversary Complaint ("Answer") allege the following:

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs "1", "6", "7", "10", "11", "12", "13", "15" of the Adversary Complaint.

2. Defendants admit the allegations in Paragraphs "8", "9" of the Adversary Complaint.

3. Defendants deny the allegations in Paragraphs "3", "5", "41", "42" of the Adversary Complaint.

4. Defendants admit the existence of the Proofs of Claims and begs leave to refer to same for their true terms, conditions, scope, and legal effect in response to Paragraph "2", "14", "16", "17", "18", "19", "21", "23", "24", "26", "27", "32", "33", "34", "39" of the Adversary Complaint.

5. Defendants admit the existence of the State Court Complaint and begs leave to refer to same for its true terms, conditions, scope, and legal effect in response to Paragraph "4", "19", "20", "22" of the Adversary Complaint.

6. Defendants admit the existence of the Sale Objection and begs leave to refer to same for its true terms, conditions, scope and legal effect in response to Paragraph "25", "28", "29", "30", "35" of the Adversary Complaint.

7. Defendants admit the existence of the DIP Reconsideration Motion and begs leave to refer to same for its true terms, conditions, scope and legal effect in response to Paragraph "31", "36" of the Adversary Complaint.

8. Defendants repeats and each and every answer contained in Paragraph "1" through "36", as if fully set forth herein in response to Paragraph "37" of the Adversary Complaint.

9. Defendants admits the existence of section 510(b) of the Bankruptcy Code and begs leave to refer to same for its true terms, conditions, scope and legal effect in response to Paragraph "38" of the Adversary Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. There Adversary Complaint fails to state a cause of action against Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11. Movants' claim is barred by the doctrines of waiver, release, estoppel, and/or accord and satisfaction.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. Movants are attempting a sub rosa substantive consolidation. In the event Defendants claims can be subordinated, they can only be subordinated to creditors of NYNM, not creditors of NYNM's parents.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. Movants' claim is barred by their own wrongful conduct, tortious behavior, contractual breaches, and/or doctrine of unclean hands.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. Section 510(b) of the Bankruptcy code not apply to Defendants' claims because they do not arise out of a purchase and sale of securities.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. Section 510(b) of the Bankruptcy Code does not apply to Defendants' conversion claims because those are tort causes of action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. Defendants reserve their right to assert additional defendants based on the results of further investigation and discovery in this matter.

**WHEREFORE,** Defendants respectfully request that the Court demands judgment dismissing Court I of the Adversary Complaint in its entirety, and for such other and further relief as the Court deems just and proper.

Dated: Brooklyn, NY
December 14, 2018

**MUCHMORE & ASSOCIATES PLLC**
Counsel for Defendants

By: /s/ Maximilian Travis             .
         Maximilian Travis, Esq. (MT 7200)
217 Havemeyer Street, 4th Floor
Brooklyn, NY 11211
(917) 932-0299
mtravis@muchmorelaw.com